# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

DEANNA REED,

      Appellant,

    v.

DEPARTMENT OF HOUSING AND
   URBAN DEVELOPMENT,

      Agency.

DOCKET NUMBER
DC-1221-21-0085-W-1

DATE: August 16, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Deanna Reed</u>, Washington, D.C., pro se.

<u>Brooke DuBois</u>, Esquire, <u>Matthew Watson</u>, Esquire, <u>Kimberly Stratton</u>, Esquire, and <u>William Barteau</u>, Esquire, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and did not participate in the adjudication of this appeal.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which applied the doctrine of collateral estoppel to dismiss this individual right of action (IRA) appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED to VACATE the administrative judge's finding that the appellant's claims regarding one of her alleged disclosures are barred by collateral estoppel, and to FIND instead that the appellant failed to nonfrivolously allege that this disclosure was protected whistleblowing, we AFFIRM the initial decision.

## BACKGROUND

The appellant was a Special Needs Assistance Specialist with the Department of Housing and Urban Development (HUD) serving under a term appointment.  *Reed v. Department of Housing & Urban Development*, MSPB Docket No. DC-1221-21-0085-W-1, Initial Appeal File (0085 IAF), Tab 1, Tab 6 at 41.  On July 6, 2018, the appellant filed a complaint with the Office of Special Counsel (OSC) alleging whistleblower retaliation for making protected disclosures in a May 2018 meeting with her supervisor and other agency

personnel. *Reed v. Department of Housing & Urban Development*, MSPB Docket No. DC-1221-19-0258-W-1, Initial Appeal File (0258 IAF), Tab 6 at 10-23. After 120 days passed without receiving a close-out notice from OSC, the appellant filed an IRA appeal on February 1, 2019. 0258 IAF, Tab 1, Tab 11, Initial Decision (0258 ID) at 3.

After briefing by the parties, the administrative judge dismissed that appeal for lack of jurisdiction, finding that the appellant failed to nonfrivolously allege that any of her alleged disclosures were protected whistleblowing. 0258 ID at 5-8. The administrative judge found that the appellant, whose position was funded through an interagency agreement between the agency and the Department of Justice (DOJ), made only vague and conclusory assertions that she disclosed that funds designated under the interagency agreement were being used for other purposes, her workload violated the interagency agreement, and funds between HUD and DOJ were improperly commingled. 0258 ID at 3, 5-8. The administrative judge additionally found that the appellant failed to exhaust with OSC her disclosures that the performance standards in her annual review did not match her position description and that a white colleague was receiving credit for her work; thus, the administrative judge did not further consider these disclosures in the appeal. 0258 ID at 3 n.3. The administrative judge further found that, although the appellant appeared to have filed a complaint with the agency's Inspector General (IG) office, she did not allege that any of the personnel actions at issue were based on reprisal for filing such a complaint. 0258 ID at 7 n.6. As such, the administrative judge similarly did not consider the appellant as alleging retaliation for protected activity under 5 U.S.C. § 2302(b)(9). *Id.* The appellant did not file an appeal of this decision, and it became final on April 23, 2019. 0258 ID at 8.

On September 17, 2020, OSC provided the appellant with a close-out letter from her original 2018 complaint and informed her that she may file an IRA appeal with the Board. 0085 IAF, Tab 5 at 10-11. The appellant subsequently

filed an IRA appeal challenging the same personnel actions at issue in her 2018 Board appeal. *Compare* 0085 IAF, Tab 1 at 5, Tab 5 at 4-7, *with* 0258 IAF, Tab 1 at 6, Tab 8 at 4-8. The administrative judge informed the appellant of her burden of establishing jurisdiction over her IRA appeal. 0085 IAF, Tab 3 at 2-8. The appellant again alleged that the agency took personnel actions due to her protected disclosures made during the May 2018 meeting between herself, her supervisor, and other agency personnel. 0085 IAF, Tab 5 at 7-8. She additionally reraised her argument that she disclosed that her performance standards in her annual review did not match her position description. *Id.* at 7. The agency subsequently filed a motion to dismiss for lack of jurisdiction, in part because the doctrine of collateral estoppel should bar relitigation of issues that were decided in the 2019 appeal. 0085 IAF, Tab 6 at 4-10. The appellant did not respond to this submission.

Without holding the appellant's requested hearing, the administrative judge issued an initial decision applying collateral estoppel to dismiss the appeal for lack of jurisdiction. 0085 IAF, Tab 8, Initial Decision (0085 ID) at 1, 10. She found, in part, that the 2019 IRA appeal and the instant appeal both were based on the same 2018 OSC complaint. 0085 ID at 7-10. The administrative judge found that OSC's issuance of a subsequent close-out letter on the same matter did not provide a basis for relitigating issues that had been actually litigated by the parties and were necessary to the administrative judge's decision in the prior appeal. *Id.*

The appellant has filed a petition for review, and the agency has responded. Petition for Review (PFR) File, Tabs 1, 3. The appellant subsequently filed a reply, which was both untimely and partially illegible. PFR File, Tab 4. As instructed by the Office of the Clerk of the Board, the appellant resubmitted the portion of her reply that was illegible. PFR File, Tab 5, Tab 9 at 2-9.[2]

---

[2] The agency has moved to strike the appellant's reply as untimely. PFR File, Tab 6. The appellant has submitted a motion to waive the time limit for her reply. PFR File, Tab 7. We do not reach the issue of the timeliness of the appellant's reply because we

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The doctrine of collateral estoppel bars relitigation of most, but not all, of the appellant's allegations.</u>

Collateral estoppel, or issue preclusion, is appropriate when the following elements are met:  (1) the issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination of the issue in the prior action was necessary to the resulting judgment; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action.  *Hau v. Department of Homeland Security*, 123 M.S.P.R. 620, ¶ 13 (2016), *aff'd sub nom. Bryant v. Merit Systems Protection Board*, 878 F.3d 1320 (Fed. Cir. 2017).  Collateral estoppel may be grounds for dismissing an appeal for lack of jurisdiction if a jurisdictional determination in a prior decision is afforded collateral estoppel effect and the appellant provides no other valid basis of Board jurisdiction.  *Id.*

In the instant appeal, the appellant alleged retaliation for making the following three disclosures:  (1) her workload violated the interagency agreement between HUD and the DOJ; (2) the funds designated in the interagency agreement were inappropriately used and erroneously commingled; and (3) her performance standards did not match her position description.  0085 IAF, Tab 5 at 7-8, 10.  As pertains to the first two disclosures, we agree with the administrative judge that relitigation of these issues is barred by collateral estoppel.

In the former IRA appeal, the administrative judge considered and found that the appellant failed to nonfrivolously allege that either of the first two disclosures was protected.  0258 ID at 3, 6-7.  The appellant in the instant appeal raises the same disclosures.  Because the jurisdictional issues in this appeal were involved and actually litigated in the 2019 appeal, the first two criteria for

find that the evidence and argument contained therein is immaterial to the dispositive issues of collateral estoppel and the Board's jurisdiction.  We deny the appellant's motion for leave to submit additional evidence because she has not shown that the records she wishes to submit were not readily available before the record closed or would bear on the dispositive issues.  PFR File, Tab 10; *see* 5 C.F.R. § 1201.114(k).

collateral estoppel are satisfied. *See McNeil v. Department of Defense*, 100 M.S.P.R. 146, ¶ 19 (2005). The third and fourth criteria for collateral estoppel are also satisfied because the jurisdictional determinations made in the former appeal were necessary to the resulting judgment to dismiss the appeal for lack of jurisdiction and because the appellant, as a party to the former appeal, had a full and fair opportunity to litigate these jurisdictional issues. *See id*. On review, the appellant has challenged the application of collateral estoppel in general terms, but she has not identified how either of these disclosures is different from those litigated in the former appeal. PFR File, Tab 1 at 4-5. Accordingly, we agree with the administrative judge that the doctrine of collateral estoppel bars relitigation regarding these two disclosures.

As pertains to the third disclosure, however, we vacate this aspect of the initial decision and decline to apply the doctrine of collateral estoppel. The administrative judge in the 2019 appeal found that the appellant had failed to prove that, at that time, she had exhausted her administrative remedies with OSC regarding her disclosure that her performance standards did not match her position description, and thus he did not further consider this disclosure.[3] 0258 ID at 3 n.3. OSC's September 17, 2020 close-out letter, however, explicitly mentions this alleged disclosure, and thus it is clear that, at some point, she raised the issue with OSC. 0085 IAF, Tab 5 at 10. It is not clear from the record when the appellant "exhausted" this issue with OSC, and OSC's close-out letter is dated about 19 months after the February 1, 2019 decision in the first IRA appeal. We find it is unnecessary to decide this aspect of the appellant's claims on exhaustion grounds because, for the reasons set forth below, the Board lacks jurisdiction over it for other reasons. Under these circumstances, we decline to apply the doctrine of collateral estoppel to the appellant's claims regarding her third alleged

---

[3] The administrative judge also found that the appellant failed to exhaust her disclosure that a white colleague was receiving credit for her work. 0258 ID at 3 n.3. The appellant has not raised this disclosure in the instant appeal, and thus we need not consider it.

disclosure. *Cf. Milligan v. U.S. Postal Service*, 106 M.S.P.R. 414, ¶ 9 (2007) (explaining that, even when the criteria for collateral estoppel have been met, there are circumstances in which the Board may refrain from applying the doctrine). For the following reasons, however, we find that the appellant has still failed to establish the Board's jurisdiction over such claims.

<u>The appellant has failed to nonfrivolously allege that her alleged disclosure regarding her performance standards is protected whistleblowing.</u>

To establish the Board's jurisdiction in a typical IRA appeal, the appellant must show by preponderant evidence that she exhausted her administrative remedies before OSC and make nonfrivolous allegations of the following: (1) she made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action. *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 8 (2016), *overruled on other grounds by Requena v. Department of Homeland Security*, 2022 MSPB 39. In this context, a nonfrivolous allegation is an allegation of sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1369 (Fed. Cir. 2020); 5 C.F.R. § 1201.4(s).

A protected disclosure is a lawful disclosure of information that the appellant reasonably believes evidences at least one of the categories of wrongdoing specified in 5 U.S.C. § 2302(b)(8), i.e., any violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. *See* 5 U.S.C. § 2302(b)(8); *Hessami*, 979 F.3d at 1367; *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 6 (2016). The proper test for determining whether an employee had a reasonable belief that her disclosures were protected is whether a disinterested observer with knowledge of the essential facts known to and readily

ascertainable by the employee could reasonably conclude that the actions of the agency evidenced one of the categories of wrongdoing described in 5 U.S.C. § 2302(b)(8). *Salerno*, 123 M.S.P.R. 230, ¶ 6. To be protected, a disclosure must be specific and detailed, not vague allegations of wrongdoing. *Id.*

Here, the appellant seemingly alleged that, during a meeting with her supervisor, her union representative, and a human resources official, she disclosed that her performance standards did not match her position description and that she was not being rated on the "pay for success" duties included in her position description. 0085 IAF, Tab 5 at 7, 10.[4] It appears that the appellant may be implicitly arguing that she reasonably believed she was disclosing that her performance standards were invalid. Under 5 U.S.C. § 4302(c)(1), agencies are required to implement performance standards that, to the maximum extent feasible, permit the accurate evaluation of job performance on the basis of objective criteria related to the job in question. *Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 29 (2010). Standards must be reasonable, realistic, attainable, and clearly stated in writing. *Id.* Provided these requirements are met, however, the Board will defer to managerial discretion in determining what agency employees must do in order to perform acceptably in their positions. *Id.*

The appellant has not alleged that she disclosed that her performance standards were not reasonable, realistic, attainable, or clearly stated in writing. Indeed, it does not appear she disclosed any challenge to the existing performance standards, but rather, she seemingly asserted that the agency was not rating her

---

[4] OSC's close-out letter similarly indicates that, in June 2018, the appellant filed a report with HUD's IG raising the same disclosures. 0085 IAF, Tab 5 at 10. This IG complaint was addressed in the appellant's former IRA appeal. 0258 ID at 7 n.6. Therein, the administrative judge found that the appellant advanced no argument that any of the personnel actions at issue were based on reprisal for filing this IG complaint, and thus, the administrative judge did not construe an allegation of whistleblower retaliation for protected activity under 5 U.S.C. § 2302(b)(9). *Id.* In the instant appeal, the appellant similarly does not advance an argument that any personnel actions were in retaliation for filing the IG complaint. Given that the appellant was on notice that she needed to explicitly raise such a claim, we similarly find that the appellant has not raised in these proceedings an allegation of retaliation for protected activity.

performance on other duties from her position description. We find that the appellant has not alleged facts that if proven could establish that she had a reasonable belief that she was disclosing wrongdoing of any type covered by 5 U.S.C. § 2302(b)(8). For instance, the appellant has not identified, and we are not aware of, any law, rule, or regulation that requires an agency to rate an employee on every duty listed in her position description. *See Hessami*, 979 F.3d at 1371 n.6 (finding that the appellant failed to raise any colorable argument for why she reasonably believed that her disclosures evidenced a violation of law, rule, or regulation). We further find that she failed to make a nonfrivolous allegation that the creation or application of her performance standards was an abuse of authority. An abuse of authority occurs when there is an arbitrary or capricious exercise of power by a Federal official or employee that adversely affects the rights of any person or results in personal gain or advantage to himself or preferred other persons. *Pasley v. Department of the Treasury*, 109 M.S.P.R. 105, ¶ 18 (2008). The appellant has alleged no facts that could support a finding that she reasonably believed she was disclosing such arbitrary or capricious conduct in connection with her performance standards. *See Salerno*, 123 M.S.P.R. 230, ¶ 6 (finding that a disclosure must be specific and detailed, not vague allegations of wrongdoing).[5]

Accordingly, we find that she has failed to make a nonfrivolous allegation that she engaged in protected whistleblowing in connection with her alleged disclosure about her performance standards, and thus she has failed to establish IRA jurisdiction concerning her reprisal claims based on that alleged disclosure.

---

[5] On review, the appellant alleges that, as a result of her 2018 complaint, HUD had a "mandatory whistleblowing discussion" with OSC regarding new Federal directives on whistleblowing. PFR File, Tab 1 at 5. She further asserts that her disclosures resulted in a change in accounting codes within the agency and that OSC obtained various corrective actions from the agency based on her complaint. *Id.* This evidence and argument does not alter our analysis as it does not explain why she reasonably believed her specific disclosure regarding performance standards evidenced one of the circumstances outlined in section 2302(b)(8).

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.